**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Christopher Bernard Jones, #305053,  )<br>                                                          )<br>                          Plaintiff,          )<br>                                                          )<br>                    v.                                )<br>                                                          )<br>S.C. Dept. of Corrections; Jon Ozmint;  )<br>S.C. Dept. of Probation, Parole, and Pardon )<br>Services; Samuel Glover, Greenville    )<br>Technical College; Tim Riley, Warden   )<br>Tyger River Correctional Institution; Robert )<br>Hal Mauney, Warden Northside and Livesay )<br>Correctional Institution; Peggy Rogers,  )<br>Lieutenant at Tyger River; Roger Rabb,  )<br>Casemanager at Tyger River; Karen Fowler, )<br>Caseworker at Tyger River; B. Lewis,     )<br>Caseworker at Tyger River; Billy Hyatt; and )<br>Mary H. McCabe;                               )<br>                                                          )<br>                          Defendants.     )<br>_____) | Civil Action No.: 3:07-CV-1876-PMD-JRM<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Christopher Jones' ("Plaintiff") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that the court grant Defendants' Motion for Summary Judgment on all of Plaintiff's motions. Having reviewed the entire record, including the Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## **<u>BACKGROUND</u>**

Plaintiff was convicted of forgery and sentenced on November 28, 2004 to incarceration within the South Carolina Department of Corrections for ten years. In 2006, Plaintiff participated in the Self Paced In-Class Education Program ("SPICE"). The SPICE program is essentially an

inmate education and employment initiative made possible through the collaborative efforts of the South Carolina Department of Corrections ("SCDC"), the South Carolina Department of Probation, Parole and Pardon Services ("SCDPPPS"), Greenville Technical College, Piedmont Technical College, and Trident Technical College. Participants in the program complete a curriculum consisting of 35-40 hours per week of educational, spiritual, life skills, health/recreation, and vocational components. Plaintiff claims that he should have received parole in April 2007 after he completed the first phase of the SPICE program. Plaintiff filed several motions in this matter, including: a Motion to Dismiss Defendant Karen Fowler from this suit; a Motion for Summary Judgment; a Motion for Judgment as a Matter of Law; a Motion for a Declaratory Judgment; a Motion for Declaratory Judgment and Injunctive Relief; and Motions for a Protective Order, Temporary Restraining Order, and Preliminary Injunctions. Defendants filed a Motion for Summary Judgment, which the Magistrate Judge recommended the court grant.

## STANDARD OF REVIEW

### I.  Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

**II.     Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION OF PLAINTIFF'S OBJECTIONS**

**I.     Plaintiff's Motion to Dismiss Defendant Karen Fowler From His Suit**

On or about June 4, 2008, Plaintiff moved the court to dismiss Defendant Karen Fowler from his lawsuit. Defendants did not file a response to this motion. Rule 21 of the Federal Civil Rules of Civil Procedure permits a court, upon motion or on its own, to "drop a party" from a suit. Therefore, the court grants Plaintiff's motion to voluntarily dismiss Defendant Karen Fowler from this suit.

**II.     Plaintiff's Establishment Clause and RLUIPA Claims**

After reviewing Plaintiff's original Complaint and Amended Complaint, the Magistrate Judge found that Plaintiff did not assert any claims alleging a violation of the Establishment Clause, the Religious Land Use and Institutionalized Person Act ("RLUIPA"), or the South Carolina Religious Freedom Act. In his Objections, Plaintiff does not direct the court's attention to any part of his Complaint or Amended Complaint to prove that he did assert claims under these laws; rather, he attempts to amend his Amended Complaint to assert violations of the Establishment Clause and RLUIPA. Plaintiff believes that because these claims arise from "the same operative facts," (i.e., his participation in the SPICE program) he should be allowed to assert these claims at this stage of the litigation. The court disagrees and denies this attempt to amend his pleadings. *Deasy v. Hill*, 833 F.2d 38, 39 (4th Cir. 1987) ("Disposition of a motion to amend is within the sound discretion of the district court.").

On November 13, 2007, the court interpreted Plaintiff's original Objections as a motion to amend his Complaint, declined to adopt the Magistrate Judge's R&R that recommended the dismissal of Plaintiff's suit, and instructed Plaintiff to file an amended complaint. Plaintiff filed his Amended Complaint on December 5, 2007. After a review of Plaintiff's Complaint and Amended Complaint, the court agrees with the Magistrate Judge's recommendation. The court provided Plaintiff with an opportunity to amend his original Complaint to assert additional claims, and he failed to raise these. The rules require plaintiffs to assert their claims in a complaint "in order to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As such, the court denies Plaintiff's Motions for any action in his favor on these claims. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that a district court does not abuse its discretion by denying leave to amend

where there is "undue delay, . . . repeated failure to cure deficiencies by amendments previously allowed, . . . [and] futility of amendment").

## III.     Plaintiff's Motions for Preliminary Injunctive Relief

On March 24, 2008, Plaintiff filed a Motion for an Emergency Preliminary Injunction. He appears to argue that he should be granted parole and released from prison based on his participation in the SPICE program. He asserts that he is likely to be successful in this action and will suffer irreparable harm unless a preliminary injunction is granted. On August 5, 2008, Plaintiff filed a motion for an emergency protective order and temporary restraining order, claiming that Defendants were retaliating against him for filing this action by interfering with his mail and routinely searching him and subjecting him to shakedowns in search of contraband. Defendants contend that Plaintiff's motions should be denied because Plaintiff will suffer little to no irreparable harm if the preliminary injunction is denied; he is unlikely to succeed on the merits of this case; and there is a likelihood of harm to Defendants and the public if Plaintiff is granted his parole. The Magistrate Judge construed these pleadings as motions for injunctive relief, and Plaintiff did not object to this interpretation.

In determining whether to grant injunctive relief prior to a trial on the merits, the court is required to consider and balance four factors: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted. *Id.* at 263. The Magistrate Judge determined that Plaintiff's motions for injunctive relief should be denied because Plaintiff is unlikely to

5

suffer irreparable injury if the interim relief is denied and because he is unlikely to be successful in the underlying dispute between the parties. (R&R at 4.) As further discussed below, the court agrees that Plaintiff is not likely to succeed on the merits of his claims. Furthermore, the record does not indicate that Plaintiff will suffer any irreparable harm, as Plaintiff has since been transferred to a new correctional institute. As the Magistrate Judge noted, Plaintiff was sentenced to ten years imprisonment in 2004 and his sentence has not been completed. He received his scheduled parole hearings, in which the Parole Board denied him parole. Furthermore, Plaintiff has failed to show how Defendants have control over the Parole Board to guarantee his parole. Finally, Plaintiff has not shown that it is in the public interest to grant him the requested relief. Therefore, the court denies all injunctive relief requested by Plaintiff.

**IV.    Plaintiff's Motions for Judgment as a Matter of Law and for Declaratory Judgment**

On December 18, 2008, Plaintiff filed three motions with the court. First, Plaintiff filed a motion, pursuant to Federal Rule 50, for judgment as a matter of law.[1] He claims that his motion should be granted because the Eighth Circuit found a faith-based program similar to the SPICE program unconstitutional and ordered that the program be closed and the government funds returned. Plaintiff also argues that his motion should be granted based on a December 2008 South Carolina District Court ruling concerning license plates containing religious messages. Plaintiff also filed a Motion for Declaratory Judgment, essentially making the same Establishment Clause assertions that he made in his Motion for a Judgment as a Matter of Law. Finally, Plaintiff filed a motion seeking declaratory judgment and injunctive relief, claiming that Warden Eagleton at Evans Correctional Institution is systematically "offending" the South Carolina work credit statute by "arbitrarily refusing or denying" Plaintiff earned work credits.

---

[1] The Magistrate Judge deemed Plaintiff's Motion for a Judgment as a Matter of Law premature, as Rule 50 of the Federal Rules of Civil Procedure requires a party to have been "fully heard on an issue during a jury trial" before they can make such a motion before the court. The court agrees.

6

The Magistrate Judge found that all of Plaintiff's motions should be denied. Plaintiff does not object to the Magistrate Judge's ruling on these motions; rather, he only asserts that the motion is timely and should be considered by the court. (Objections at 42–43.)

In regard to Plaintiff's attempts to assert Establishment Clause claims, the court, as noted above, agrees with the Magistrate Judge that Plaintiff failed to assert these claims in his Complaint or Amended Compliant; therefore, those claims are not properly before the court.[2] Furthermore, Plaintiff signed a SPICE Participant Contract in which he acknowledged that the program was voluntary. (Defs. Mot. for Summ. J., Hand Aff. Ex. A.) In regard to Plaintiff's claims that he has been prevented from earning work credits in violation of his rights, the Magistrate Judge found that a prisoner does not have a constitutional right to earn work credits; therefore, his motion should be denied. The court agrees, as further discussed below, and also notes that Warden Eagleton of Evans Correctional Institute is not a named defendant to this suit. Based on the foregoing, the court denies Plaintiff's motions for declaratory judgment, injunctive relief, and judgment as a matter of law.

V.      **Motions for Summary Judgment**

Plaintiff alleges that his First, Fourth, Eighth, and Fourteenth Amendment rights were violated by Defendants' actions. He claims that Defendants deprived him of parole, obstructed his access to the court, and retaliated against him for pursuing this action. He also alleges claims under South Carolina law for breach of contract, fraud, recklessness, and intentional infliction of emotional distress. Defendants contend they are entitled to summary judgment because: (1) SCDC, SCDPPPS, and Greenville Technical College are not persons subject to suit under section

---

[2] The Magistrate Judged noted in a footnote that Plaintiff originally complained that Defendants violated his constitutional rights and state law because he did not receive parole after completing the first phase of the SPICE program. In later motions and his opposition memorandum, he claims for the first time that the program is faith-based and he was coerced to participate in the program in violation of the Establishment Clause.

1983; (2) Plaintiff cannot show an entitlement to parole based on his involvement in the SPICE program; (3) Plaintiff cannot show that Defendants' alleged actions were in retaliation for filing this case; (4) Plaintiff cannot show that he has been denied access to the courts; (5) Plaintiff cannot sustain a constitutional claim against Defendants Mauney and Hyatt as a result of his disciplinary hearing procedures; (6) the individual Defendants are entitled to qualified immunity; and (7) Plaintiff cannot substantiate his state-law claims.

### a. Parole Claims

The Magistrate Judge recommended that the court grant Defendants' motion for summary judgment as to Plaintiff's parole claim because nothing in the record indicated that Plaintiff was rejected for parole on the ground that he had not completed a community program and because the SPICE program did not provide Plaintiff a legitimate liberty interest in parole. Plaintiff objects to this finding and asserts the Court should find that his completion of the SPICE program does create a liberty interest in parole, which he was entitled to. (Objections at 51–52.) Therefore, he argues that Defendants violated his Due Process rights by denying him parole. Furthermore, Plaintiff argues that Defendants have violated his Equal Protection rights by awarding parole to other prisoners that have completed the SPICE program but have denied him the same opportunity. (Objections at 67.) The court disagrees with Plaintiff's objections. As the Magistrate Judge correctly noted, the Constitution, itself, does not create a protected liberty interest in the expectation of early release on parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 18–20 (1981) (noting that a mutually explicit understanding that an inmate would be paroled does not create a liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. "It is

therefore axiomatic that because state prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) due process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

The Fourth Circuit has instructed that "[w]ith no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created a legitimate claim of entitlement to some aspect of parole." *Van v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). The South Carolina Supreme Court has found that South Carolina law creates a liberty interest in parole eligibility, but does not create a liberty interest in parole. *Furtick v. S.C. Dep't of Prob.*, 352 S.C. 594, 598 n.4, 576 S.E.2d 146, 149 n.4 (2002). Plaintiff appeared before the parole board, and on April 11, 2007, he was sent a notice of parole rejection. The reasons for his rejection were "Nature and Seriousness of Current Offense"[3] and "Prior Criminal Record Indicates Poor Community Adjustment." (Benjamin Aplin Aff., Ex. A.) Plaintiff asserts that "the language of the "SPICE program . . . is mandatory in character;" therefore, it places "substantial limitation on the [parole] Board's discretionary powers." Despite Plaintiff's argument, Plaintiff executed a SPICE Program Participant Contract on October 9, 2006, which specifically stated that the inmate understands that his participation in the SPICE program does not guarantee parole. (Benjamin Aplin Aff., Ex. B.) In his Objections, Plaintiff even admits that he signed a document acknowledging certain conditions for participating in the SPICE program. (Objections at 58.) Furthermore, Greenville Technical College informed Plaintiff that his participation in the SPICE program did not guarantee parole because each person is evaluated on a case-by-case basis by the Parole Board. (Steve Hand Aff., Ex. B.) Based on the foregoing, the court finds that

---

[3] The Magistrate Judge noted that the serious nature and circumstances of an offense is a constitutionally valid reason to deny discretionary parole. *See Bloodgood v. Garraghty*, 783 F.3d 470, 475 (4th Cir. 1986)

the state did not provide Plaintiff with a legitimate claim of entitlement in parole when it accepted him into the SPICE program.

Finally, Plaintiff brings to the court's attention that the offenses he committed were "non-violent offenses, parole-able offenses" compared to other inmates whom he alleges have been released on parole after completing the SPICE program. He believes this evidences disparate treatment which denies him equal protection of the laws guaranteed by the Equal Protection Clause of the Fourteenth Amendment. (Objections at 64–67.) The Fourteenth Amendment states that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The equal protection clause directs that "all persons similarly circumstanced shall be treated alike." *Cleburne v. Cleburne Living Center, Inc*., 473 U.S. 432, 439 (1985). Plaintiff contends that his denial of parole is in violation of equal protection because he has been treated differently from other prisoners "similarly situated." The court finds that this claim has no merit.

Since Plaintiff, as a prisoner, is not part of a suspect class and, as noted above, does not allege the deprivation of a fundamental right, the Equal Protection Clause requires only that the state provide some plausible reason—a "rational basis"—for treating Plaintiff differently from other parolees. *See City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) ("Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest."). An award of parole is discretionary with the Parole Board, and this inherent discretion necessitates that some prisoners will receive parole while others will not. The Parole Board reviewed Plaintiff's case for parole and determined that it should be denied

based on the "Nature and Seriousness of Current Offense" and "Prior Criminal Record Indicates Poor Community Adjustment." Even the South Carolina Probation, Parole, and Pardon Services Criteria for Parole Consideration form that Plaintiff attached as an exhibit to his Objections informs him that the parole board has "absolute discretion to grant or deny parole," and it makes its decisions "on a case-by-case basis . . . as it determines to be in the best interest of society and the inmate under review." (Objections, Ex. A.) Thus, the evidence indicates that Plaintiff's parole was denied for legitimate state reasons, and furthermore, Plaintiff has failed to show how any of the named Defendants had any control over the decision to grant him parole. Therefore, the court grants Defendants' Motion for Summary Judgment on these claims.

### b. Access to the Courts

Plaintiff alleges that he was denied access to the courts because Defendant Rogers confiscated his legal materials on one occasion for one day and for ten days on another occasion. He claims that Defendant McCabe denied him access to the law library and refused to make copies of his pleadings on several occasions.[4] Plaintiff also alleges that the mailroom staff withheld legal mail. The Magistrate Judge concluded that Plaintiff failed to show that he suffered any actual injury as a result of Defendants' actions. Plaintiff did not specifically object to the Magistrate Judge's finding; he only states that Defendants did interfere with his access to the courts and that they have failed to carry their burden on this issue. The court disagrees, and adopts the Magistrate Judge's recommendation.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right to access to the courts, both to allow them to attack their

---

[4] Plaintiff also claimed that McCabe expressed a racial-animus toward him by filing bogus disciplinary charges against him. McCabe asserts that, contrary to Plaintiff's allegations, she cannot charge Plaintiff with a disciplinary infraction, but can report problems to a correctional officer. The Magistrate Judge concluded that Plaintiff's mere conclusory allegations of discrimination were insufficient to state a claim, and Plaintiff did not object to this finding. Therefore, the court adopts it.

convictions and to file other lawsuits. The decision merely requires that the *right of access to the courts* not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996). Thus, as the Magistrate Judge noted, Plaintiff needed to demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. (R&R at 10 (citing *Lewis*, 518 U.S. at 353–54.))

Plaintiff has failed to show he suffered any actual injury as a result of Defendants' actions. Defendants assert that inmates have numerous time slots available to them for library usage and that an inmate merely needs to sign up for a slot. Defendant McCabe attested that if an inmate has a court deadline, that inmate is allowed additional library time. She also attests that because of cost, time, and storage space, SCDC instituted a photocopying policy restricting the types of materials that can be copied such that SCDC will not photocopy handwritten materials from an inmate. (McCabe Aff.) Defendant Rogers attested that if an inmate has non-legal items in his legal storage box, those items may be confiscated. Furthermore, she attested that non-legal items, such as typewriter ribbons, have been discovered in Plaintiff's legal box and confiscated. Finally, Defendant Rogers attested that, on one occasion, she confiscated Plaintiff's legal materials because he left them unattended, but they were returned to him the next day with specific instructions to monitor them. (Rogers Aff.) She denies ever taking Plaintiff's materials for ten days.

Plaintiff has filed numerous, voluminous pleadings in this action with photocopied documents attached, including his 80-page Objections. Therefore, the court finds that Plaintiff has failed to allege any conduct by the Defendants that impeded his access to the courts and grants Defendants' Motion for Summary Judgment on this issue.

### c. Retaliation

The Magistrate Judge found that Plaintiff failed to show that any alleged retaliation had any adverse impact on the exercise of his constitutional rights. In his Objections, Plaintiff reiterates that he was subject to numerous "shakedowns" and disciplinary detentions. He claims to have been "charged with an unusual high number of disciplinary infractions resulting in significant loss of gain-time." He also alleges that prior to filing his lawsuit, he had only been charged with one major infraction and two administrative infractions, but since the filing of his lawsuit, he has been charged with 23 infractions. (Objections at 61.)

To establish a First Amendment retaliation claim, Plaintiff must show that (1) he engaged in constitutionally protected speech or conduct, (2) Defendants took adverse action against him, and (3) there was a causal connection between the protected activity and the adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). "In the prison context, courts treat claims of retaliation with skepticism because every act of discipline by prison officials is by definition retaliatory in the sense that it responds directly to prisoner misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Therefore, bare assertions of retaliation do not establish a claim of constitutional dimensions. *See Adams v. Rice*, 40 F.3d 72, 74 (4th 1992). Plaintiff failed to direct the court's attention to any evidence that existed in his 161-page Motion for Summary Judgment or his 80-page Objections that shows he has been charged with twenty-

three infractions since the filing of his lawsuit, nor has Plaintiff alleged specific facts that show any of the named Defendants "retaliated" against him.

Defendants, in their Motion for Summary Judgment, contend that between the time Plaintiff filed his Original Complaint in July 6, 2007, and his Amended Complaint, in December 5, 2007, Plaintiff was charged only on two occasions for possession of contraband. On both counts, he was convicted by the disciplinary hearing officer. On August 20, 2007, Plaintiff was charged with possession of contraband because he had in his possession a radio that could not be attributed to him. He was convicted of this infraction on September 5, 2007, and placed in disciplinary detention for sixty days. On September 1, 2007, Plaintiff was found in possession of a book that he could not recall how he acquired and in possession of another inmate's radio. He was convicted on September 24, 2007, and placed in disciplinary detention for forty-five days. Thus, it appears the prison officials were upholding the policies in place to ensure safety and security in the prison. Defendants also assert that the charging officers in these instances were Officers Ridings and Clevengers, who are not parties to this action.

In addition to the charged infractions, Plaintiff alleged that SCDC lodged a detainer against him in retaliation for filing this action, but Defendant Lewis, a caseworker at SCDC, attested that the Spartanburg County Sheriff's Office issued the detainer against him and that entity is not a named defendant to this suit. Based on the foregoing, the court agrees with the Magistrate Judge's ruling and finds that Plaintiff has not made enough of a showing against any of the named Defendants to survive summary judgment on this claim nor has he shown how any alleged retaliation had an adverse impact on the exercise of his constitutional rights. Therefore, the court grants Defendants' Motion for Summary Judgment on this claim.

### d. Disciplinary Hearing

Plaintiff claims that Defendants Mauney and Hyatt violated his constitutional rights when they requested and received a rehearing in a disciplinary matter involving Plaintiff that had earlier been dismissed because his accuser was not present. The record indicates that on February 18, 2006, Officer Hyatt conducted a strip search of Plaintiff after visitation and found twenty-five dollars in Plaintiff's pants. Plaintiff was charged with contraband and a hearing was held on March 9, 2006. Officer Hyatt was contacted via teleconference because Plaintiff had been transferred to the Tyger River Correctional Institution. The phone disconnected during the hearing, and Hyatt was unable to give his testimony. Plaintiff's case was dismissed because there was no accuser present. Warden Mauney filed a request for a rehearing in the matter, which was granted and held on March 28, 2006, with all parties present. Plaintiff was found guilty of possession of contraband and lost sixty days good time as well as 180 days of canteen, telephone, and visitation privileges. (Mauney Aff., Ex. A.)

The Magistrate Judge found that, to the extent Plaintiff's allegations concern his disciplinary proceedings and the outcome of those proceedings, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (determining that a prisoner may not pursue a section 1983 claim that would necessarily implicate the validity of his conviction unless and until he successfully attacks the conviction on which is suit is based) and *Edwards v. Balisok*, 520 U.S. 641 (1997) (finding that *Heck* precludes a section 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits). Plaintiff objects to this ruling and asserts that

procedural challenges to disciplinary proceedings are cognizable under section 1983 since they are not challenging the result of the proceedings. (Objections at 44–45.)[5]

Contrary to Plaintiff's objection, the *Edwards* Court specifically found that procedural challenges to disciplinary hearings are barred when they necessarily imply the invalidity of the deprivation of good-time credits. *Edwards*, 520 U.S. at 646. Thus, the court addressed the exact objection Plaintiff presents here—the deprivation of good-time credits without due process. *Id.* at 645. The court agrees with the Magistrate Judge that the principal procedural defect complained of by Plaintiff would, if established, necessarily imply the invalidity of the deprivation of his good-time credits. If the court made such a finding, it would necessarily imply that Defendants improperly took away sixty days of good-time credits from Plaintiff. Thus, the court finds that *Heck* and *Edwards* bar this claim by Plaintiff, as the awarding of relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus.)

The Magistrate Judge also interpreted Plaintiff's claim to challenge the number of work credits that he had earned and found that the claim fails, to the extent Plaintiff challenges the number of work credits he has earned, as Plaintiff has no liberty interest in the opportunity to earn good-time or work credits. To the extent Plaintiff implicates the duration of his confinement by requesting good-time work credits restored, the Magistrate Judge found that Plaintiff failed to show that he satisfied the exhaustion requirement of 28 U.S.C. § 2254(b). In his Objections, Plaintiff does not make any specific objections to these findings by the Magistrate Judge.

---

[5] Plaintiff seems to be arguing that the rehearing had to be requested within 21 days from the initial hearing or an extension had to be granted. Defendant Mauney attested that Plaintiff's initial hearing took place on March 9, 2006 and the rehearing took place on March 28, 2006; therefore, Plaintiff does not assert a legitimate procedural challenge to his disciplinary hearing.

(Objections at 71–73.) Plaintiff merely asserts that he has a liberty interest in his good-time work-credits and is entitled to due process when those credits are implicated. (Objections at 71.) While this may be so, the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus, as noted above. Furthermore, Plaintiff failed to object to the Magistrate Judges finding that Plaintiff has failed to exhaust this claim to the extent it implicates the duration of his confinement by requesting good-time work credits restored; therefore, the court adopts it. Based on the foregoing, the court grants Defendants' Motion for Summary Judgment as to Plaintiff's disciplinary hearing and work credit claims.

## VI.     "Persons" Subject to Suit Under Section 1983

The Magistrate Judge found that Defendants South Carolina Detention Center, the South Carolina Department of Probation, Parole, and Pardon Services, and Greenville Technical College are entitled to dismissal because they are not "persons" subject to suit under §1983. (R&R at 14.) Plaintiff objects to this finding, (Objections 74–79); however, the court agrees with the Magistrate Judge's ruling. It is well established that inanimate objects, like buildings and correctional institutions, are not usually considered legal entities subject to such suits. *See, e.g.*, *Huang v. Bd. Of Governors of Univ. Of N.C.*, 902 F.2d 1134, 1139 n.6 (4th Cir. 1990) (noting that a state university was not a person under §1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (finding that a jail is not a "person" subject to suit pursuant to §1983); *see also Braden v. University of Pittsburgh*, 477 F.2d 1, 7 n.10 (3d Cir. 1973) (state university not a person for § 1983 suit purposes).

Plaintiff attempts to get around this law by arguing that these Defendants had a policy or established custom that led to the deprivation of his federal rights. A local governmental entity cannot be held vicariously liable for the unconstitutional acts of its employees and is only liable

17

under section 1983 if it causes a deprivation of constitutional rights through an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Despite Plaintiff's assertion, he only provides four pages of case law regarding this issue and fails to offer any factual allegations of any policy or custom followed by these Defendants. Furthermore, nothing in the record indicates Plaintiff was injured pursuant to a policy or custom; therefore, the court concludes the Magistrate Judge properly recommended dismissing Plaintiff's Complaint against these Defendants.

## VII.    Qualified Immunity

The Magistrate Judge found that the individual defendants are entitled to qualified immunity in their individual capacities. (R&R at 15.) Plaintiff objects to this finding; however, the court disagrees. The Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. In determining whether the specific right allegedly violated was "clearly established," the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged. Moreover, the manner in which this clearly established right applies to the actions of the official must also be apparent. As such, if there is a legitimate question as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

*Wiley v. Dorry*, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted). As discussed above, Plaintiff has failed to establish that the named, individual defendants violated any of his clearly established constitutional or statutory rights. Therefore, the court agrees with the Magistrate Judge and finds that the individual defendants are entitled to qualified immunity in their individual capacities.

## VIII. <u>Any Remaining State Law Claims</u>

Because the court grants Defendants' Motion for Summary Judgment on all of Plaintiff's claims for which it has original jurisdiction, the court also dismisses any additional claims for relief under state law for want of jurisdiction. 28 U.S.C. § 1367(c)(4) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

## <u>CONCLUSION</u>

For the foregoing reasons, it is therefore **ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**. It is further **ORDERED** that Plaintiff's Motion to Dismiss Defendant Karen Fowler is **GRANTED**; Plaintiff's Motion for Summary Judgment is **DENIED**; Plaintiff's Motion for Judgment as a Matter of Law is **DENIED**; Plaintiff's Motion for Declaratory Judgment is **DENIED**; Plaintiff's Motion for Declaratory Judgment and Injunctive Relief are **DENIED**; and Plaintiff's Motion for Protective Order, Temporary Restraining Order, and Preliminary Injunctions is **DENIED**.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**March 30, 2009**
**Charleston, SC**